[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13109
Non-Argument Calendar

_____

D.C. Docket No. 5:16-cr-00221-RDP-JHE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KERRY JOHNELLE ADAMS,
a.k.a. Boogie,
a.k.a. Booge,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 26, 2018)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Kerry Johnelle Adams appeals his conviction and mandatory life sentence for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A).  He contends (1) the Government violated his Fourth Amendment right to privacy by obtaining cell-site location records without a warrant and (2) the district court's imposition of a mandatory life sentence violated the Sixth Amendment because a jury did not find the fact of his prior convictions beyond a reasonable doubt.  After review, we affirm Adams' conviction and sentence.

I.

Adams did not object to the admission of the cell-site location data, and we review constitutional objections not raised before the district court for plain error. *See United States v. Moriarty*, 429 F.3d 1012, 1018 (11th Cir. 2005).  Under plain error review, we may reverse only if we determine that the district court committed (1) "an error (2) that is plain (3) that affects the defendant's substantial rights and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Sperrazza*, 804 F.3d 1113, 1126 (11th Cir. 2015) (quotations omitted).

The district court did not plainly err in admitting the cell-site data.  The Government presented no evidence at trial as to how it obtained the cell-site records, presumably because Adams did not object to their admission.  However,

2

in reviewing a ruling on whether evidence should be suppressed, this Court generally reviews the entire record in determining whether the district court erred. *United States v. Newsome*, 475 F.3d 1221, 1224 (11th Cir. 2007).  At Adams' pretrial detention hearing, an FBI agent testified the phone records were obtained via warrant.  Thus, the district court did not err in admitting the records, because they were not obtained in violation of the Fourth Amendment.  *See Carpenter v. United States*, 138 S. Ct. 2206, 2220-21 (2018) (holding acquisition of cell-site records is a search within the meaning of the Fourth Amendment, and the government must generally obtain a warrant supported by probable cause before acquiring cell-site records).

Alternatively, Adams cannot demonstrate prejudice to prove that any potential error in admitting the records affected his substantial rights.  *See United States v. Cruickshank*, 837 F.3d 1182, 1191 (11th Cir. 2016) (stating an error affects a party's substantial rights if it has a substantial influence on the outcome of the case).  The Government presented the testimony of Marcus Lampkin, who testified he drove from Alabama to Louisiana on several occasions to pick up the cocaine from Adams, and Donald Hutchinson, who testified that he traveled to Houston more than five times to pick up the cocaine that Adams supplied to the Lampkins.  It then presented testimony of the cell-site information to corroborate the co-conspirators' testimony.  Because the Government did not rely solely on the

3

cell-site evidence but rather used it as corroboration, it is not certain its exclusion would substantially affect the outcome of the case. *See id.* (explaining if the error's effect on the result in the district court is uncertain or indeterminate, the defendant has not met his burden of demonstrating prejudice under plain error review). Thus, Adams did not meet his burden under plain error review.

## II.

"We review constitutional sentencing issues *de novo*." *United States v. Steed*, 548 F.3d 961, 978 (11th Cir. 2008). If a defendant is convicted under 21 U.S.C. § 841 after two or more prior convictions for a felony drug offense, the defendant must be sentenced to a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A). A felony drug offense means an offense that is punishable by imprisonment for more than one year under any law that prohibits or restricts conduct related to drugs. *Id.* § 802(44).

The district court did not err in applying the mandatory life imprisonment sentence in § 841 because the Government was not required to allege Adams' prior convictions in the indictment nor prove them beyond a reasonable doubt for the district court to use them for a sentencing enhancement. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998) (stating that although it is ordinarily true that all elements of a crime must be alleged by indictment and either proven beyond a reasonable doubt or admitted by the defendant, an exception exists for

prior convictions).  We have repeatedly stated that we are bound by *Almendarez-Torres* "until the Supreme Court explicitly overrules it."  *United States v. Sparks*, 806 F.3d 1323, 1350 (11th Cir. 2015).  Moreover, Adams affirmed the fact of his prior convictions at the sentencing hearing.  *See Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000) (explaining failure to challenge the fact of prior conviction mitigates "Sixth Amendment concerns otherwise implicated in allowing a judge to determine" that fact).

Adams' further arguments challenging his prior convictions fail because his felony convictions for drug-related conspiracy and possession qualify as predicate felonies under § 841(b) as felonies prohibiting conduct related to drugs.  21 U.S.C. § 802(44).  Further, his challenge to the validity of his guilty pleas in state court is immaterial because the Government's information also listed two prior felony convictions in federal court that Adams has not disputed.

Accordingly, we affirm Adams' conviction and sentence.

**AFFIRMED.**